**Robert Excell WHITE**

v.

**DIRECTOR, TDCJ–ID.**

No. CIV. A. 1:94CV429.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 7, 1997.

**1258**

Lawrence Brown, Fort Worth, TX, for Petitioner.

William Charles Zapalac, Asst. Atty. Gen., Attorney General Office, Austin, TX, for Respondent.

## MEMORANDUM ORDER OVERRULING THE PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, Chief Judge.

Petitioner Robert Excell White, proceeding through appointed counsel, Lawrence Brown, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore referred this matter to the Honorable Robert W. Faulkner, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

The magistrate judge extensively reviewed petitioner's claims and recommended that each of the thirty-two claims asserted be denied. Petitioner has submitted three specific objections to the magistrate judge's Report. This requires a *de novo* review of the objections in light of the pleadings, the state court record and the applicable law. *See* FED.R.CIV.P. 72(b).[1]

Petitioner was first convicted of capital murder in 1974 for one of three murders that occurred in a small grocery store located near McKinney, Texas.[2] Petitioner's conviction was subsequently reversed by the Texas Court of Criminal Appeals. After a new trial, petitioner was again convicted and given the death sentence.

The specific issue that petitioner presents through his objections for this court to consider involves the trial court's ruling on a motion for the appointment of a psychiatric expert pursuant to *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) For the following reasons, petitioner's objections will be overruled.

On April 5, 1987, David Haynes, one of petitioner's trial attorneys, submitted a motion to the trial court for the appointment of a psychiatrist. The motion stated that the appointment of a psychiatrist was to "assist defendant's counsel in the preparation of this case." On April 29, 1987, the trial court conducted a pretrial hearing on the pending motion. Although not delineated in the motion, petitioner's counsel did state that it was his "feeling that the state is going to attempt to offer psychiatric testimony at the punishment phase of the case." The state opposed the motion as it was written and would only agree to the appointment of a psychiatrist under certain conditions. The trial court conditionally granted the motion with the provision that petitioner must either submit to a joint examination by each side's expert or one neutral expert would be appointed to examine the petitioner and report to each side. Petitioner's counsel refused to choose between the two options offered by the trial court. During *voir dire,* on May 21, 1987, the trial court requested counsel to elect one of the two choices under which a psychiatric expert would be appointed. Counsel declined to accept either option. The trial court then denied the motion.

■ Petitioner asserts that he is entitled to the appointment of his own psychiatric expert, absent the restrictions imposed by the trial court, for the purpose of assisting the jury in determining "future dangerousness." In *Ake,* the Supreme Court held that when the prosecution in the sentencing phase of a capital case presents psychiatric evidence of an indigent defendant's future dan-

---

**1.** The magistrate judge reviewed petitioner's claims pursuant to traditional standards of habeas corpus review established prior to the Antiterrorism and Effective Death Penalty Act of 1996. Based upon the recent Supreme Court holding in *Lindh v. Murphy,* — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the court finds that the proper standard was used by the magistrate judge in the Report and shall be employed in the present review.

**2.** Petitioner had earlier killed a fourth person in Waco, Texas.

gerousness, due process requires that the defendant have *access* to psychiatric testimony, a psychiatric examination, and assistance in preparing for the sentencing phase.

The magistrate judge's Report discussed in general the petitioner's right to the appointment of a psychiatrist, whether the issue is sanity during the guilt-innocence phase of the trial or "future dangerousness" during the punishment phase. The magistrate judge noted that petitioner is not entitled to the appointment of a psychiatrist absent a specific showing. Furthermore, the Report pointed out that the Fifth Circuit Court of Appeals, in a capital case involving the sanity issue, held that Texas' former procedure allowing the appointment of a neutral psychiatrist whose opinion and testimony are available to both sides was held to be sufficient to satisfy the requirements of *Ake*. *Granviel v. Lynaugh*, 881 F.2d 185, 191 (5th Cir.1989).

Petitioner's objections assert that he is entitled to the appointment of a psychiatrist "cloaked in the attorney client privilege" and without a waiver of any Fifth Amendment rights specifically on the issue of punishment. This is the issue on which the Fifth Circuit refused to speculate in *James v. Collins*, 987 F.2d 1116, 1123–24 (5th Cir. 1993).[3]

The Fourth Circuit considered a similar claim upon remand from the Supreme Court in *Tuggle v. Netherland*, 79 F.3d 1386 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 237, 136 L.Ed.2d 166 (1996). In *Tuggle*, Lem Tuggle was convicted of capital murder in Virginia. Tuggle's attorneys had requested the appointment of a mental health professional for purposes of determining sanity and competency. The court granted the motion

and appointed state mental heath experts to examine Tuggle. Dr. Arthur Centor was one of the mental health professionals who examined Tuggle and opined to the court that Tuggle was sane. Dr. Centor and the other experts employed by the state and appointed by the court who had examined Tuggle also stated that they had formed an opinion concerning his future dangerousness. Upon being notified of Dr. Centor's opinion, Tuggle's attorney filed a motion for an independent psychiatrist to assist in the defense of Tuggle. The trial court denied the request. Defense counsel then requested permission to pay for the investigation themselves and have Tuggle transferred to a facility where he could be examined. The trial court denied the motion. *See Tuggle v. Thompson*, 854 F.Supp. 1229, 1236 (W.D.Va.1994).

Pursuant to Virginia law, at the punishment phase of the trial, the state introduced evidence of petitioner's "vileness" and "future dangerousness" to the jury. This testimony included the testimony of Dr. Centor, a psychologist, specifically on the issue of future dangerousness. *Tuggle v. Netherland*, 79 F.3d at 1389. Defense counsel objected to the testimony of Dr. Centor based upon the trial court's failure to appoint an independent psychiatrist available only to the defendant. *Tuggle v. Thompson*, 854 F.Supp. at 1235. The trial court overruled the objection. At closing arguments, the state "stressed" the testimony of Dr. Centor to the jury regarding the issue of future dangerousness. *Id.*

The conclusion of the Fourth Circuit in *Tuggle* is that while an *Ake* violation on the future dangerousness issue is a denial of due process, it is subject to the harmless error analysis.[4] *Tuggle v. Netherland*, 79 F.3d at 1392; *See also Brewer v. Reynolds*, 51 F.3d 1519, 1529 (10th Cir.1995), *cert. de-*

---

3. While the question of whether *Ake* requires the appointment of a non-neutral psychiatrist for the petitioner on the future dangerousness determination was not specifically addressed in *Granviel*, the question of whether to allow the psychiatrist to testify, once appointed, is settled in Texas. Had petitioner received the appointment of his own psychiatrist and had that expert been called to testify, the state would have had the opportunity to either rebut that testimony by having petitioner examined by its own expert or to have the testimony disallowed. *See Soria v. State,* 933 S.W.2d 46 (Tex.Crim.App.1996). A prior plurality opinion in Texas came to an opposite conclusion, but was only joined by four of the nine judges who considered the issue. *See Bradford v.*

*State,* 873 S.W.2d 15 (Tex.Crim.App.1993). This conclusion is based upon the fact that petitioner waives his Fifth Amendment privilege against self-incrimination by introducing psychiatric testimony. *See Schneider v. Lynaugh,* 835 F.2d 570, 575–76 (5th Cir.), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988).

4. The Fourth Circuit did not consider the magistrate judge's conclusion in the present action that the appointment of a neutral psychiatrist for both sides or an independent psychiatrist subject to a joint examination is sufficient to satisfy the requirements of *Ake*. This court notes that the state trial court in petitioner's action offered to ap-

*nied,* —— U.S. ——, 116 S.Ct. 936, 133 L.Ed.2d 862 (1996); *Starr v. Lockhart,* 23 F.3d 1280, 1291–92 (8th Cir.), *cert. denied,* 513 U.S. 995, 115 S.Ct. 499, 130 L.Ed.2d 409 (1994). Thus, even if denial of petitioner's request for an independent, partisan psychiatrist amounts to a denial of due process, it is subject to harmless error analysis, which was one of two reasons given by the Texas Court of Criminal Appeals in denying this claim.[5] (*White v. State,* No. 69,861 at 4–5).

In federal habeas corpus proceedings, the test for harmlessness of a constitutional error in this case is whether, in light of the record as a whole, the failure of the trial court to appoint an independent psychiatrist for punishment had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (*quoting Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). In order for an error to have a "substantial and injurious effect or influence," it must have affected the verdict. *O'Neal v. McAninch,* 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995). An error is harmless when the error did not "substantially sway" or "substantially influence" the verdict of the jury. *Kotteakos,* at 765, 66 S.Ct. at 1248.

Given this standard, the failure to provide petitioner with the appointment of his own, partisan psychiatrist during the punishment phase amounts to at most harmless error in petitioner's case. At the time of petitioner's trial, TEX.CODE OF CRIM. PROCEDURE ANN. art. 37.071 required the court to ask the jury the following question concerning future dangerousness: "Is there a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society?" At petitioner's punishment hearing, the jury heard testimony about petitioner's extensive criminal history and episodes, which included a murder that had occurred shortly before killing the present victims and an incident in which petitioner had slashed the throat of a guest in petitioner's apartment. The jury heard of petitioner's lack of remorse for killing the

victims in the present case. The jury also heard from petitioner's cousin, who opined that petitioner would always be a threat to society. The jury also heard the testimony of Dr. Markham, based solely on a hypothetical, that petitioner would be a threat to society. Dr. Markham's involvement was far less a factor than that of Dr. Centor in the trial of Tuggle. Given the evidence of the petitioner's future dangerousness, petitioner has failed to demonstrate that the denial of the appointment of a psychiatrist in the manner requested by petitioner's counsel substantially influenced the verdict in petitioner's case. This claim is denied on the basis of harmless error.

Petitioner did not submit specific objections as to the remainder of the magistrate judge's determinations. This court has reviewed the magistrate judge's report in light of the petition, the record and the applicable law. The magistrate judge's recommendations are correct on the remainder of petitioner's claims that are presented for review.

Accordingly, petitioner's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. The order referring this case to the magistrate judge is hereby **VACATED.**

### FINAL JUDGMENT

This action came on before the court, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that the above-styled petition for wit of habeas corpus is **DENIED.** The stay of execution previously entered by this court is **VACATED.** All motions by either party not previously ruled on are hereby **DENIED.**

---

point an independent psychiatrist if the examination was conducted jointly with the state's psychiatrist.

**5.** Petitioner asserts in the original petition that an *Ake* violation is not subject to harmless error. However, petitioner cites no authority supporting this claim.